ELISEO BERRÍOS, ETC., Plaintiff and Appellee, *v.* MOISÉS COLÓN, Defendant and Appellant.

No. 9286. Argued January 24, 1946.—Decided May 20, 1946.

L. *Santiago Carmona* for appellant. *Brown, Newsom & Córdova* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

In this case, an action of revendication, judgment was rendered for the plaintiff on January 12, 1945. Afterward, the defendant requested a new trial, which was refused, and on January 31, 1945, he took an appeal from the judgment.

On January 16, 1946, the appellee moved to dismiss the appeal on the ground of a violation of Rule 59 of this court, inasmuch as more than 90 days had elapsed since the filing of the notice of appeal without the appellant having perfected the appeal with due diligence.

The record contains a recital of the events which occurred subsequent to the taking of the appeal and which are, in brief, as follows: (1) On February 1, 1945, at the instance of the defendant-appellant, the lower court ordered the preparation of a transcript of the evidence. (2) On February 8, 1945, the defendant-appellant by a motion asked leave of the lower court to prepare a statement of the case, as the stenographer Salas, who had taken down the testimony given in the case, was absent. The court denied that motion without prejudice to the right to resubmit it after compliance with the requisites provided by Act No. 111 of 1939. (3) On February 27, 1945, the defendant-appellant asked for a 60-day extension to prepare a statement of the case as to the testimony taken down by the absent stenographer, and a transcript of the evidence taken down by the other stenographer. That motion was denied on March 7, 1945, but the defendant-appellant was granted an extension of 60 days, counted from February 25, 1945, to file the transcript of the evidence. (4) On April 23, 1945, the defendant-appellant requested and the court granted him on May 2 of that same year, another extension of 60 days to file the transcript of the evidence recorded by the absent stenographer. (5) That upon the expiration, on June 25, 1945, of the last

extension granted to the defendant-appellant for the preparation of the transcript of the evidence, he requested and the court granted him a further extension of 60 days to prepare the transcript of the evidence taken down by the absent stenographer Salas. (6) That after the expiration, on September 21, 1945, of the last extension for filing the transcript of the evidence, the defendant-appellant, on October 4 of that same year, filed a second motion for a new trial, and alleged that it had been impossible for him to obtain the transcript of the evidence from the absent stenographer Salas. This motion was opposed by the plaintiff appellee. After the hearing of said motion, which was attended to by the plaintiff-appellee and not by the defendant-appellant, the court, on October 24, 1945, denied the motion. (7) On October 25, 1945, the defendant-appellant presented another motion for a 60-day extension to file *a statement of the case or, if possible, a transcript of the evidence,* which was granted by the lower court on October 29 of that same year. (8) The defendant-appellant requested on December 18, 1945, and obtained from the lower court on December 19 of the same year, a new extension of 60 days to prepare the transcript of the evidence in the case, and stated that the stenographer Salas would resume the duties of his office within a short time.

Notwithstanding this last extension, which expired on February 18 of the present year, the defendant-appellant has not yet perfected his appeal, as appears from the record before us.

In opposition to said motion for dismissal, the appellant has alleged, in substance, that the record of the case sent up to this court, which has been certified by the clerk of the court *a quo* and on which the appellee relies for his motion, does not contain all the incidents of the case that have occurred subsequent to the rendition of the judgment; that stenographer Jorge Salas, who was absent in the military

service of the United States, is unable or has refused to make a transcript of the evidence in the case. The appellant then makes a recital of the merits of his appeal and concludes by alleging "that it is necessary for him to correct the record in connection with this proceeding for dismissal, in order that there should fully appear before this court all the steps taken by this defendant for perfecting his right of appeal and to obtain the proper relief against what he considers to be erroneous and hence unjust," for which reason he prays that the appellee be ordered to serve him with a copy of the record certified by the aforesaid clerk within a period of 10 days.

Foreseeing a situation similar to the one presented herein, the lawmaker, in amending § 299 of the Code of Civil Procedure by Act No. 111 of May 5, 1939, provided, in so far as now pertinent, the following:

"In case the stenographer who took down the record of the hearing dies, becomes disable, or absents himself, which facts must be proved to the satisfaction of the court, and it is not possible to file the transcript of the evidence, appellant shall, within a reasonable term granted him by the court for the purpose, prepare in narrative form a statement of the evidence offered and the bill of exceptions, which shall be approved and certified by the judge who took cognizance of and decided the case, and the original thereof, jointly with the judgment roll, shall be forwarded to the Supreme Court by the secretary of the district court within the term of thirty (30) days counting from the date the judge approves said statement of the case and bill of exceptions."

We fail to see any reason why the appellant should not have complied with the provisions of § 299 of the Code of Civil Procedure, as amended by Act No. 111, *supra,* especially after the lower court, at his request, had granted to him, on October 29, 1945, a reasonable term of 60 days to perfect his appeal by preparing a statement of the case and the bill of exceptions, or, if possible, a transcript of the evidence. The appellant disregarded this last grant

made in his favor by the court and on December 18, 1945, asked for a new extension of 60 days, which was granted, to prepare the transcript of the evidence. Nevertheless, he has failed to perfect the appeal up to this time and there is no showing of any steps taken by him to perfect it. In other words, the case is now in the same condition which it was at the time judgment was rendered over a year ago.

■ Let us consider the grounds which the appellant offers in opposition to the dismissal sought. The appellee has submitted with his motion for dismissal that portion of the evidence which supports his contentions, that is, the documentary evidence duly certified and sent up to this court by the clerk of the lower court. If outside of this documentary evidence there is any other evidence which would tend to overcome it and on which the appellant is to predicate his opposition, it is incumbent upon him, in support of his contentions, to submit such evidence to this court in order that it may be considered as against the one submitted by the appellee and not expect or seek that the latter should furnish it. Moreover, the appellant can not complain of any surprise since he must have in his files copies of each and all of the motions for extensions and a new trial filed by him in the court *a quo,* copies of each and all of the oppositions filed against those motions, and copies of each and all of the orders entered upon them, for we assume that he was duly served with notice of such decisions. If in addition to the matters set forth in the record before us there are others tending to establish his diligence in prosecuting his appeal, we are not aware of any legal obstacle which might have prevented him from submitting such matters to us, since the way was open for him to do so in accordance with the law.

■ We can not enter into the consideration of the merits of the appeal in this case, inasmuch as its dismissal is not sought on the ground that it is frivolous. The only ques-

tion to be considered and decided is whether the appellant has been diligent in the prosecution of his appeal, regardless of the merits of the latter and of any errors committed by the lower court in denying his motions for a new trial. A careful study of all the proceedings in this case as narrated above, leads us to the conclusion that the defendant-appellant has not acted with due diligence in the prosecution of the appeal. There is no just cause for his delay in such prosecution.

In view of § 299 of the Code of Civil Procedure, as amended by Act No. 111, *supra,* and of Rule 59 of this court, and for the reasons already stated, the appeal taken in this case should be and is hereby dismissed.

Mr. Justice Córdova did not participate herein.